**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3870-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RONALD E. REHM,

    Defendant-Appellant.

_____

           Submitted May 15, 2018 — Decided June 25, 2018

           Before Judges Reisner and Hoffman.

           On appeal from Superior Court of New Jersey,
           Law Division, Middlesex County, Indictment
           Nos. 13-08-1029 and 13-07-0918.

           Joseph E. Krakora, Public Defender, attorney
           for appellant (Louis H. Miron, Designated
           Counsel, on the brief).

           Andrew C. Carey, Middlesex County Prosecutor,
           attorney for respondent (David M. Liston,
           Assistant Prosecutor, of counsel and on the
           brief).

PER CURIAM

    Defendant Ronald Rehm appeals from a March 10, 2017 order

denying his petition for post-conviction relief (PCR). We affirm.

In 2014, defendant pled guilty to two counts of fourth-degree stalking, N.J.S.A. 2C:12-10(b), and was sentenced to probation. He did not file a direct appeal. However, he filed a PCR petition, asserting that his trial attorney did not tell him about certain collateral consequences of his guilty plea, specifically possible adverse effects on future opportunities to work as a coach, umpire and referee. The trial court denied the petition.

On this appeal, defendant presents the following points of argument:

> POINT I: THE PCR COURT ERRED IN RULING THAT REHM RECEIVED THE EFFECTIVE ASSISTANCE OF COMPETENT TRIAL COUNSEL IN CONNECTION WITH HIS PLEA.

> POINT II: THE PCR COURT SHOULD HAVE CONDUCTED AN EVIDENTIARY HEARING TO ADDRESS THE CLAIMS RAISED BY REHM.

Those arguments are without sufficient merit to warrant discussion in a written opinion, beyond the following comments. R. 2:11-3(e)(2).

In alleging ineffective assistance of counsel in connection with a guilty plea, a defendant must present evidence that his attorney misadvised him or otherwise provided substandard representation, and that but for counsel's inadequate representation, defendant would have refused to plead guilty and instead would have insisted on going to trial. See State v. Nuñez-

Valdéz, 200 N.J. 129, 139 (2009). As one factor, defendant must present evidence that it would have been rational to reject the plea offer and go to trial. See Padilla v. Kentucky, 559 U.S. 356, 372 (2010); State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011). A PCR petition must be supported by legally competent evidence and not mere bald assertions. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Defendant's petition does not satisfy any of those standards. There is no affidavit or other legally competent evidence supporting the petition. Additionally, defendant presents no claim — and no evidence - that he told his trial attorney that his continued ability to work as a coach was critically important to him or that the attorney misinformed him in any way. Nor is there legally competent evidence that the attorney did not tell defendant that a conviction for stalking could affect his employment opportunities.

At his sentencing, defendant indicated his awareness that the charges against him were resulting in his losing opportunities to work as an umpire. Defendant's PCR petition did not explain why it would have been rational to reject the plea offer and insist on going to trial, which would have resulted in further public airing of the charges.

 A-3870-16T3

Because his petition was based on bald assertions, and did not present a prima facie case of ineffective assistance of counsel, defendant was not entitled to an evidentiary hearing and the petition was properly denied. See State v. Preciose, 129 N.J. 451, 462 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3870-16T3